FILED
DEC 20 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TANISHA BOZEMAN,

    Plaintiff,

vs.

PROGRESSIVE CASUALTY
INSURANCE COMPANY and
INTEGRITY INSURANCE AGENCY,
LLC,

    Defendants.

Case No. A05-0178 CV (JKS)

ORDER

    Tanisha Bozeman was injured while riding in a taxicab that was rear-ended at a stoplight by an uninsured motorist ("UM"). She initially sued the taxicab company's insurer, Progressive Casualty Company, alleging a failure to pay her the proceeds of the UM coverage in the policy. Later she amended her complaint to add Integrity Insurance Agency ("Integrity") on the theory that Integrity negligently or recklessly procured a defective policy. Progressive removed the case to this Court based on diversity of citizenship. 28 U.S.C. § 1332. Progressive conceded that Integrity and Bozeman shared citizenship but contended that Integrity was fraudulently joined. Docket No. 1. Later Bozeman moved to remand arguing that she did state a claim against Integrity under notice pleading. Docket No. 8 (Mot.). Progressive opposed the motion to remand. Docket No. 9. The Court granted Integrity's request for leave to file an opposition and Integrity joined in Progressive's opposition. Docket Nos. 10 (Opp'n); 11 (Reply).

    Progressive and Integrity argue that Bozeman was not in privity with Integrity and therefore cannot sue Integrity on a contract theory. They argue that Alaska statutes do not impose any duties on insurance brokers in favor of the general public. They note that a cause of action for common law negligence includes five elements: (1) duty; (2) breach of duty; (3) actual causation; (4) proximate causation; and (5) damages. *See Johnson & Higgins of Alaska, Inc. v. Blomfield*, 907

1

23

P.2d 1371, 1374 (Alaska 1995). They assert that Bozeman does not allege facts which, if true, would satisfy any of these elements. Bozeman concedes that the Alaska Supreme Court has never recognized a right of injured parties to sue insurance agents or brokers with whom they did not contract for failure to procure insurance. She contends that Alaska might recognize such a cause of action in the future and that possibility alone precludes this Court from finding that Integrity was fraudulently joined. Bozeman does not contend that Integrity promised the cab company to procure specific insurance and failed to perform. Her argument is that Integrity failed to discuss under-insured motorist ("UIM") coverage and failed to point out that many insurers provide for the arbitration of disputes regarding UIM coverage and Progressive does not. Bozeman was injured by an uninsured motorist, not an under-insured motorist, and so it would not appear any deficiency regarding UIM coverage would have injured Bozeman. It is unclear how arbitration or its absence is relevant to this case.

The Court has recognized that some outside authority allows actions by third parties against insurance brokers for failure to procure insurance. *See Flattery v. Gregory*, 489 N.E.2d 1257 (Mass. 1986).[1] The Court, however, concluded that the Alaska Supreme Court has made clear in a number of cases that it would not follow that authority. Based upon the prediction that the Supreme Court would so hold the Court denied the motion to remand. Docket No. 13 (discussing cases). The Court directed Bozeman to treat Integrity's opposition to remand as a motion to dismiss and respond. Bozeman has responded. Docket Nos. 17; 19 (Reply).

---

[1] Bozeman cites *Eschle v. Eastern Freight Ways, Inc.*, 319 A.2d 786 (N.J. Super. Ct. Law Div. 1974). *But see Napier v. Bertram*, 954 P.2d 1389 (Ariz. 1998) (rejecting claim by taxicab passenger). The Court recognizes that there is a nationwide split of authority on this point. *See* Robin Cheryl Miller, Annotation, *Liability of Insurance Agent or Broker on Ground of Inadequacy of Liability-Insurance Coverage Procured*, 60 A.L.R. 5th 165 (1998) (collecting cases); Margaret E. Vroman, Annotation, *Liability of Tortfeasor's Insurance Agent or Broker to Injured Party for Failure to Procure or Maintain Liability Insurance*, 72 A.L.R. 4th 1095 (1991) (collecting cases); Gary Knapp, Annotation, *Liability of Insurer or Agent of Insurer for Failure to Advise Insured as to Coverage Needs*, 88 A.L.R. 4th 249 (1991) (collecting cases).

ORDER

It is clear that the Supreme Court of Alaska would not recognize a claim against Integrity by Bozeman on the facts she has alleged in her complaint and in her various memoranda. She has not alleged facts which, if true, would support a duty, a breach of any such duty, causation, or damages traceable to an act or omission of Integrity. Consequently, Integrity was fraudulently joined and must be dismissed from this action. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061 (9th Cir. 2001). Integrity's opposition to the motion to remand, construed as a motion to dismiss, at **Docket No. 10** is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Anchorage, Alaska, this 19 day of December 2005.

                                                                 **JAMES K. SINGLETON, JR.**
                                                                 United States District Judge

A05-0178--CV (JKS)      em  12/20/05

✓P. MALONEY (MALONEY)
✓G. ZIPKIN (GUESS)
✓T. MATTHEWS

ORDER