Thomas A. Matthews, Esq.
Matthews & Zahare, P.C.
431 W. 7th Avenue, Suite 207
Anchorage, Alaska  99501
(907) 276-1516 Telephone
(907) 276-8955 Facsimile
E-mail: tomm@matthewszahare.com

Attorneys for Defendant Integrity Insurance Agency, LLC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TANISHA BOZEMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PROGRESSIVE CASUALTY ) <br> INSURANCE COMPANY and ) <br> INTEGRITY INSURANCE ) <br> AGENCY, LLC ) <br> ) <br> Defendant. ) <br> ) | U.S. District Court Case No. <br> A05-178 CV(JKS) <br><br> Superior Court Case No. <br> 3AN-05-7442 CI |

**INTEGRITY INSURANCE AGENCY'S MOTION FOR ATTORNEY FEES**

Integrity Insurance Agency, LLC ("Integrity"), through its lawyers Matthews & Zahare, P.C., and pursuant to Fed. R. Civ. P. 54(d)(2) and D. Alaska L. R. 54.3, moves this Court for an award of attorney's fees.  For the reasons stated below, including the implicit finding of this Court that Integrity was fraudulently joined as a defendant to defeat diversity jurisdiction, Integrity seeks an award of at least seventy-five percent (75%) of its actual attorney's fees.

Motion for Attorney's Fees
*Bozeman v. Progressive, et al. / A05-0178 CV*
TAM:sk\113-39\AttyFeesMtn.doc                                            1 of 4

**A.    Procedural Background Leading to Finding of Fraudulent Joinder and Judgment Against Plaintiff**

As explained in previous filings, Plaintiff's initial complaint asserted claims against only Progressive Casualty Insurance Company, the out-of-state insurer of the policy at issue in this litigation. *See* Plaintiff's April 29, 2005, Complaint. Plaintiff then amended her complaint to assert claims against Integrity, an Alaska LLC. *See* Plaintiff's July 12, 2005, First Amended Complaint. Despite the presence of an in-state defendant, Progressive removed this matter on diversity grounds from the Alaska state court, arguing that Integrity was fraudulently joined. *See* Notice of Removal. Plaintiff sought remand, arguing that the lack of diversity jurisdiction precluded removal. *See* Docket No. 8. Progressive and Integrity opposed the motion to remand, again arguing that Integrity was fraudulently joined to prevent removal. *See* Docket Nos. 9-10. The Court agreed with Progressive and Integrity, finding that Plaintiff had fraudulently joined a sham defendant in order to defeat diversity jurisdiction. *See* Order at Docket No. 13. After further briefing on whether or not Plaintiff's claims against Integrity should be dismissed, the Court, pursuant to its December 19, 2005, Order and Judgment in a Civil Case (Docket Nos. 23-24), dismissed Plaintiff's claims against Integrity and entered judgment in favor of Integrity Insurance Agency, LLC. Thus, Plaintiff's claim against Integrity in this case was a slam.

**B.    Integrity is Entitled to an Award of at Least Seventy-Five Percent of Actual Attorney's Fees**

When a matter is removed from state court, an applicable state statute requiring an award of attorney's fees should be applied. *People of Sioux County v.*

Motion for Attorney's Fees
*Bozeman v. Progressive, et al. / A05-0178 CV*
TAM:sk\113-39\AttyFeesMtn.doc                                                                                    2 of 4

*National Surety Co.*, 276 U.S. 238, 243 (1928). In addition, the United States Supreme Court and the Ninth Circuit Court of Appeals have recognized that, in a diversity case, a court should follow state law on the entitlement to attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 259 n.31, 95 S. Ct. 1612, 1622 n.31 (1975); *Michael-Regan Co. v. Lindell*, 527 F.2d 653, 656 (9th Cir. 1975).

Here, Alaska Civ. P. 82 entitles Integrity, as the prevailing party, to recover attorney's fees against Plaintiff. Normally, when, as here, the prevailing party recovers no money judgment, and the matter is resolved without trial, twenty percent (20%) of the prevailing party's actual attorney's fees necessarily incurred shall be awarded. Alaska R. Civ. P. 82(a)(2). However, given that this Court has implicitly found that Plaintiff fraudulent joined Integrity as a sham defendant in order to defeat diversity jurisdiction, and other facts, an enhanced attorney's fees award is legally permitted and factually warranted. *See* Alaska R. Civ. P. 82(a)(3).

Alaska R. Civ. P. 82(a)(3) permits enhanced attorney's fees awards, if the Court explains the reasons therefore, if the following types of factors are present: bad faith conduct, unreasonable claims, the attorney's efforts to minimize fees, and other equitable factors. As stated above, the Court, by denying Plaintiff's motion to remand, implicitly found that Plaintiff had fraudulently joined a sham defendant to avoid removal. This reason alone justifies an enhanced award. In addition, though, Plaintiff's claims against Integrity were not legally supportable and, accordingly were

Motion for Attorney's Fees
*Bozeman v. Progressive, et al. / A05-0178 CV*
TAM:sk\113-39\AttyFeesMtn.doc                                                                 3 of 4

unreasonable, and Integrity's attorneys promptly and efficiently sought to extricate Integrity from a suit in which it did not belong.  Thus, an enhanced award is justified.[1]

As supported by the accompanying Affidavit of Thomas A. Matthews and exhibit thereto, Integrity's actual attorney's fees necessarily incurred were approximately $9500.00.  Accordingly, Integrity seeks an attorney's fee award of $7125.00.

Dated at Anchorage, Alaska this 5th day of January 2006.

MATTHEWS & ZAHARE, P.C.
Lawyers for Defendant Integrity Insurance


By    s/Thomas A. Matthews
      Thomas A. Matthews,
      Alaska Bar No. 8511179


CERTIFICATE OF SERVICE
I certify that on January 5, 2006 the
foregoing was electronically served on:

Gary A. Zipkin, Esq.
Guess & Rudd
510 L Street, Suite 700
Anchorage, AK 99501
Counsel for Defendant Progressive

*and mailed to:*

P. Dennis Maloney, P.C.
2525 "C" Street, Suite 425
Anchorage, AK 99503
Counsel for Plaintiff

s/Shirley Kelly
*certification signature*

---

[1] See, e.g., *Garrison v. Dixon*, 19 P.3d 1229 (Alaska 2001) (trial court did not abuse discretion in awarding full, actual attorney's fees on grounds of vexatious and bad faith litigation); *Cole v. Bartels*, 4 P.3d 956 (Alaska 2000) (75% fees awarded when claim not reasonable); *Alaska Northern Development, Inc. v. Alyeska Pipeline Service Co.*, 666 P.2d 33 (Alaska 1983) (53% of actual fees awarded on frivolous claim no unreasonable).

Motion for Attorney's Fees
*Bozeman v. Progressive, et al. / A05-0178 CV*
TAM:sk\113-39\AttyFeesMtn.doc                                                                                                 4 of 4