IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TANISHA BOZEMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> PROGRESSIVE CASUALTY ) <br> INSURANCE COMPANY ) <br> AND INTEGRITY ) <br> INSURANCE AGENCY, ) <br> LLC, ) <br> ) <br> Defendants ) <br> _____) | U.S. District Court Case No. <br> A05-178 CV (JKS) <br> Superior Court Case No. <br> 3AN-05-7442 CI |

## BOZMAN'S OPPOSITION TO INTEGRITY'S MOTION FOR ATTORNEY'S FEES

Plaintiff concedes that this court has the authority to impose attorney's fees pursuant to Alaska Civil Rule 82 and asks this court to not do so. There is nothing in Rule 82 or any other law cited by Integrity that states that the court <u>must</u> impose attorney's fees against the plaintiff under these circumstances. However, even if the court decides to impose a percentage of Integrity's fees, it should not impose enhanced attorney's fees or any other sanction against plaintiff because plaintiff's pleadings and motion papers were not frivolous.

Moreover, if the court decides to impose any attorney's fees against plaintiff the award should be reduced because Integrity seeks fees that are duplicative and not reasonable.

OPPOSITION TO INTEGRITY'S MOTION TO DISMISS
*Bozeman v. Progressive and Integrity*, Case No. A05-178 CV (JKS)
Page 1 of 7

This court recognized in its December 19, 2005 order that authority around the country allows actions by third parties against insurance brokers for failure to procure insurance.[1] In addition, this court recognized in its opinion that there is a nationwide split of authority regarding the liability of the tortfeasor's insurance agent to a taxicab.[2]

In her opposition to Integrity's motion to dismiss, plaintiff discussed that the Alaska Supreme Court held in *Peter v. Schumacher Enterp.*, 22 P. 3d 481 (Alaska 2001) that a claim against an insurance agent can arise only if there is a "special relationship". Plaintiff then argued that *Peter* provided examples of what may create a special relationship or how a special relationship may arise but did not limit such a relationship to the examples cited. Plaintiff then offered a number of examples of when a court might find an actionable special relationship and explained why such a special relationship existed in this case.

In addition, Plaintiff cited Alaska case law holding that third parties may have rights as beneficiaries of a contract. For example, plaintiff argued that a taxicab passenger has the right to assume that the cab she is getting into is insured for any injuries she may sustain while a passenger. Alaska law and

---

[1] December 19, 2005 order, Page 2, citing *Flattery v. Gregory*, 489 N.E.2d 1257 (Mass. 1986).
[2] December 19, 2005 order, Page 2, fn 1.

OPPOSITION TO INTEGRITY'S MOTION FOR ATTORNEY'S FEES
*Bozeman v. Progressive and Integrity*, Case No. A05-178 CV (JKS)
Page 2 of 7

Municipality of Anchorage law require taxicabs not operate without liability and uninsured motorist/underinsured motorist ("UM/UIM") coverage.

As discussed in plaintiff's opposition, the Progressive UM policy Integrity sold to the owner of the taxicab was different than the majority of other policies on the market at the time and different than the other policies sold by Integrity. This difference is that, unlike other policies, the Integrity/Progressive policy does not provide for arbitration unless both parties agree. Therefore, a claimant cannot demand arbitration as she could under the majority of other companies' insurance policies available at the time. For this reason, at the insurance company's whim, they can refuse to agree to arbitration unilaterally and require the injured party to sue them to collect UM benefits.

Since Progressive is not an Alaska corporation, part of the unfair prejudice to any person who may foreseeably become a claimant against a Progressive UM policy (including taxicab passengers) is that they are forced to sue the taxi's insurance company if the claimant and the insurance company disagree on the value of the claim and, in any event, a claimant cannot ask for more than $75,000 without being subjected to federal jurisdiction. Accordingly, the Progressive policies sold by Integrity prejudice all UM claimants including third-party beneficiaries to UM policies.

This whole situation has been carefully planned and orchestrated by the insurance defense lawyers and by the insurance companies who seek to limit

risk by making it more expensive and more difficult for a claimant to be fairly compensated when she has a UM claim. Integrity sold this policy and did not tell the purchaser of policy that the Progressive policy is different from other policies because his customers will have to sue the insurance company if they are injured in one of his cabs. All Integrity tells the purchasing public is that the only difference in insurance policies is their prices and the amount of coverage.

It is plain from the billing statements produced by Integrity that Progressive and Integrity collaborated on the motion to dismiss Integrity in order to defeat state court jurisdiction. Integrity could just as easily moved for dismissal in state court. However, it cooperated with Progressive so that it could keep the case in Federal court if Integrity prevailed. See time entries on Exhibit A to Integrity's motion summarizing conversations about removal and fraudulent joinder arguments between Integrity's attorneys and Progressive's attorneys.

The result is that the court listened to all the evidence and all of the arguments and decided that the Supreme Court of Alaska would likely not (currently) recognize a claim against Integrity by plaintiff on the facts presented. The court did not hold that plaintiff was in bad faith, and the court did not admonish plaintiff for arguing reasonably for an interpretation of Alaska law that would allow it to make a claim against Integrity. Because dismissal of Integrity leaves diversity, the Federal Court retains jurisdiction. Because this court has dismissed Integrity, plaintiff will not be able to argue in state court for an

application of state law that favors her position. However, plaintiff's positions were reasonable and based on a fair argument for the application of existing law in her favor and is not frivolous.

The pleading is not frivolous and not open to sanctions when it is presented after a reasonable inquiry and on a reasonable basis under the circumstances. Fed R. Cid. P.11(b) provides as follows:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances that –
>
> (1) It is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> (2) The claims, defenses, and other legal contentions that are warranted by existing law or by non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) The allegations and other factual contentions of evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) The denials of factual intentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Plaintiff submits that its arguments and positions in suing Integrity were done properly and in good faith. Fed. R. Civ. P. 11(c) states that the court should not award sanctions except upon motion and only if the party has violated one of the subsections under Rule 11(b). Plaintiff submits that she has been sanctioned enough by having her claim against Integrity dismissed and losing her opportunity to seek justice against Integrity under the reasonable legal theory outlined in the opposition. Plaintiff acted in good faith in seeking an application of existing law and/or an extension of existing law to her under the facts in this case. This was not done in bad faith. Accordingly, the plaintiff asks the court to assess no sanctions against plaintiff.

However, if the court decides to assess attorney's fees against plaintiff, plaintiff requests that he court award no more than the 20% rate outlined in Rule 82 for summary judgment motions. In addition, Plaintiff asks that the court subtract the following unreasonable entries from Integrity's attorney's time:

1. On Page 2 of Exhibit A, "KGS" bills 2.6 hours (for a cost of $429.00) for getting himself up to speed on the file in order to assist "TAM" and for communicating and analyzing materials already analyzed by TAM. Duplicative charges should not be assessed.

2. On 9/6/2005, TAM bills 2.9 hours on research to draft a motion that took 1.8 hours. This time is excessive and should be reduced by at least one hour or $165.00.

3. On 9/7/05, TAM reviewed and analyzed communications from Progressive's attorney Zipkin for .4 hours ($70.00), which is the same thing TAM did on 8/25. In addition, it is the same thing TAM did for .2 on 8/29/05. This time should be stricken.

OPPOSITION TO INTEGRITY'S MOTION FOR ATTORNEY'S FEES
*Bozeman v. Progressive and Integrity*, Case No. A05-178 CV (JKS)
Page 6 of 7

4.  On 10/5/05, TAM and KGS do the same thing, one for .4 and one for .2. The .4 ($66.00) should be stricken as duplicative.

5.  On 8/25/05, 9/1/05, 9/2/05, 9/7/05, 9/12/05, and 9/26/05, Integrity's attorneys charged a total of 1.5 hours ($262.50) discussing strategy with Progressive's lawyers. Attorney conferences should not be assessed as attorney's fees.

As discussed above, plaintiff asks this court to deny Integrity's request for attorney's fees and Integrity's request for sanctions in the form of enhanced attorney's fees. However, if the court decides that it will issue attorney's fees against plaintiff, plaintiff asks that these attorney's fees be no more than the 20 percent outlined in Rule 82 and that this 20 percent be calculated on gross attorney's fees $992.00 less than the amount presented.

DATED at Anchorage, Alaska on this ___ day of January 2006.

P. DENNIS MALONEY, P.C.
Attorneys for Plaintiff

By: _____
P. Dennis Maloney
AK Bar No. 7410089

I hereby certified that a true and correct copy
of the foregoing was MAILED on Jan. 14, 2006 to:
Thomas Matthews, 431 W. 7th Ave., #207, Anch, AK 99501
Gary Zipkin, 510 L St., #700, Anch., AK 99501

_____

OPPOSITION TO INTEGRITY'S MOTION FOR ATTORNEY'S FEES
*Bozeman v. Progressive and Integrity*, Case No. A05-178 CV (JKS)
Page 7 of 7