IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| TANISHA BOZEMAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| PROGRESSIVE CASUALTY | ) | U.S. District Court Case No. |
| INSURANCE COMPANY and | ) | A05-178 CV(JKS) |
| INTEGRITY INSURANCE | ) | |
| AGENCY, LLC | ) | |
| | ) | |
|     Defendant. | ) | |
| _____ | ) | |

**INTEGRITY INSURANCE AGENCY'S REPLY TO PAINTIFF'S OPPOSITION TO INTEGRITY'S MOTION FOR ATTORNEY'S FEES**

This Court has found that Plaintiff fraudulently joined Integrity as a sham defendant in an effort to defeat diversity jurisdiction and to avoid removal of this matter to federal court. Subsequently, this Court dismissed Plaintiff's claims against Integrity, finding that it "is clear that the Supreme Court of Alaska would not recognize a claim against Integrity by Bozeman on the facts she has alleged in her complaint and in her various memoranda. She has not alleged facts which, if true, would support a duty, a breach of any such duty, causation, or damages traceable to an act or omission of Integrity. Consequently, Integrity was fraudulently joined and must be dismissed from this action."[1]

In the face of the above finding, Plaintiff has the temerity to ask this Court to allow her to escape responsibility for payment of any part of Integrity's reasonable attorney's fees. She makes this requests despite the fact that she fraudulently

---

[1] December 19, 2005, Order at 3 (Docket No. 24).

joined Integrity as a sham defendant to avoid removal, despite the fact that Plaintiff has fought removal and dismissal of Integrity every step of the way, and despite the fact that Integrity and its insurer have incurred significant attorney's fees in opposing Plaintiff's numerous efforts to keep Integrity in this litigation, even though "it is clear that the Supreme Court of Alaska would not recognize a claim against Integrity by Bozeman." Plaintiff's request is based on a misunderstanding of the legal basis for Integrity's request for attorney's fees, irrelevant and unsupported factual assertions, an apparent lack of understanding of the procedural history of this case, and misstatements of fact concerning Integrity's reasonable attorney's fees request. Plaintiff's objections are factually and legally without merit. Integrity's request for an award of at least seventy-five percent (75%) of its actual attorney's fees should be granted.

**A. Integrity Personally Has Incurred Attorney's Fees**

As an initial matter, Integrity points out that, because its insurance policy contains a $5000.00 deductible, it personally has incurred liability for the first $5,000.00 of its defense costs. (Its insurer incurs responsibility for attorney's fees in excess of the $5,000.00 deductible.) Integrity is a small family-owned brokerage which can ill-afford to incur unnecessary litigation expenses. Integrity unnecessarily incurred responsibility for $5,000.00 of attorney's fees merely because of Plaintiff's failed strategy to avoid diversity jurisdiction and federal court. Plaintiff, not Integrity or its insurer, should pay the cost of Plaintiff's failed strategy. One would fully

Integrity's Reply to Opp to Mtn for Fees
*Bozeman v. Progressive, et al. A05-0178 CV*
TAM:jlw\113-39\ReplyAttyFees.doc                                                                 Page 2 of 9

expect Plaintiff, had she been the prevailing party, to quickly argue that she should be awarded attorney's fees.

### B. Plaintiff Misstates the Legal Standard for Integrity's Request

Perhaps out of sensitivity to the lack of a factual or legal basis for her failed strategy, Plaintiff argues that the standards for a Rule 11 sanction have not been met.[2] Setting aside whether or not Integrity could have prevailed on a Rule 11 motion, Integrity's motion is not premised upon Rule 11. Rather, it is based upon Alaska R. Civ. P. 82(a)(3) and the other authority cited in its Motion. Integrity has not asked the Court to "sanction" Plaintiff or her counsel; it only seeks an award of enhanced attorney's fees premised upon factors such as bad faith conduct, unreasonable claims, Integrity's efforts to minimize fees, and other equitable factors.

Here, Plaintiff asserted claims against Integrity that, on the facts, were not supported by Alaska law and amended her complaint to fraudulently join Integrity as a sham defendant in an effort to avoid federal court jurisdiction. Integrity never should have been brought into this case or forced to incur defense costs to get the claims against it dismissed. Plaintiff's conduct warrants an award of enhanced attorney's fees to Integrity as the prevailing party.

### C. Plaintiff Rehashes Failed Arguments and Fails to Support Numerous Factual Assertions

Much of Plaintiff's Opposition is a rehashing of her failed arguments for remand and in opposing Integrity's dismissal and are irrelevant to Integrity's motion

---

[2] Plaintiff's Opposition at 5-6.

Integrity's Reply to Opp to Mtn for Fees
*Bozeman v. Progressive, et al. A05-0178 CV*
TAM:jlw\113-39\ReplyAttyFees.doc                    Page 3 of 9

for attorney's fees.[3]  The Court has not been asked to revisit those arguments or the Court's rejection of them.

In addition, Plaintiff makes several arguments for which there is absolutely no factual or legal support.  This continues a pattern that Plaintiff has followed since amending her Complaint to fraudulently join Integrity as a defendant.  For instance, Plaintiff argues, without any support, that "the Progressive UM policy Integrity sold to the owner of the taxicab was different than [sic] the majority of other policies on the market at the time and different than [sic] the other policies sold by Integrity."[4]  There is no factual support for such a statement, which, in any event, is of no relevance here.  Plaintiff also states that the Progressive policy "does not provide for arbitration unless both parties agree," so "a claimant cannot demand arbitration as she could under" other policies.[5]  Again, there is no factual support for this statement, which is of no legal relevance here.  Surprisingly, given the fact that Plaintiff adopted a strategy to fraudulently join Integrity to avoid removal, Plaintiff argues that "insurance defense lawyers" and "the insurance companies" have conspired to create a situation making it harder "for a claimant to be fairly compensated . . . ."[6]  Again, there is no factual support for this legally irrelevant argument, which seems to suggest that Plaintiff does not believe that the federal courts are able to fairly compensate a UM claimant.  Finally, Plaintiff makes statements, again without any

---

[3] *See* Plaintiff's Opposition at 2-3.

[4] *See id.* at 3.

[5] *Id.*

[6] *Id.* at 3-4.

Integrity's Reply to Opp to Mtn for Fees
*Bozeman v. Progressive, et al. A05-0178 CV*
TAM:jlw\113-39\ReplyAttyFees.doc                                                                 Page 4 of 9

factual support, of what Integrity did and did not tell "the purchaser of the policy" (who is not Plaintiff here) and "the purchasing public."[7]  Again, this continues Plaintiff's pattern of making factually and legally unsupported arguments that are irrelevant to the issue at hand, forcing Integrity to unnecessarily incur defense costs to respond to the arguments.  Plaintiff's unreasonable tactics only serve to support Integrity's request for an enhanced attorney's fees award.

**D. Plaintiff Misstates the Procedural History of Litigation**

Plaintiff argues that Integrity collaborated with defendant Progressive to keep this matter in federal court and could have "moved for dismissal in state court."[8]  Plaintiff's argument fails to consider the procedural history of this case.  The court file shows that Progressive removed this matter on July 28, 2005.  Exhibit A to Integrity's Motion shows that Integrity's counsel was not assigned this matter until August 25, 2005, almost a month <u>after</u> Progressive had removed the matter from state court.  Thus, on the procedural status of the case at the time its lawyer entered his appearance, Integrity could <u>not</u> have sought dismissal in state court.  Since the legal standards for a finding of fraudulent joinder and for dismissal are similar, there was no reason or need for Integrity not to seek its prompt dismissal from this action.  Integrity's prompt efforts to obtain dismissal support its request for enhanced attorney's fees and should be rewarded, not condemned.

---

[7] *Id.* at 4.

[8] *See id.*

Integrity's Reply to Opp to Mtn for Fees
*Bozeman v. Progressive, et al. A05-0178 CV*
TAM:jlw\113-39\ReplyAttyFees.doc                                                                                                  Page 5 of 9

**E. Plaintiff's Objections to Integrity's Billings are Without Factual Basis**

Plaintiff's objections to Integrity's attorney's billings are without merit. Plaintiff identifies the allegedly objectionable entries on pages 6-7 of her Opposition. Examining each of the objections reveals the hollowness of Plaintiff's objections. Below, Integrity addresses each of Plaintiff's objections in the order listed in Plaintiff's Opposition.

1. Plaintiff complains that Kenneth G. Schoolcraft's 2.6 hours for reviewing pleadings and available documents, communicating with Progressive's lawyer, and analyzing defenses and strategy are duplicative of Thomas A. Matthews' time. A review of the pleadings show that Kenneth G. Schoolcraft prepared the opposition to Plaintiff's remand motion, motion to dismiss, answer, and other pleadings, and made other defense efforts, at an hourly rate lower than Thomas A. Matthews. Of necessity, he needed to obtain a complete background of this matter. Integrity benefited from the Kenneth G. Schoolcraft's efforts, which led to the client incurring fewer attorney's fees than would have been incurred if all work had been performed by Thomas A. Matthews.

2. Plaintiff complains that on 9/6/05, Thomas A. Matthews billed 2.9 hours for a motion that took 1.8 hours. A review of Exhibit A shows that Kenneth G. Schoolcraft billed that time, not Thomas A. Matthews. A review of Exhibit A also shows that the work on the motion at issue began on 9/6/05 and was continued on 9/8, 9/9, and 9/12. Thus, the amount of research for that motion did not exceed the amount of time necessary to prepare the motion. Plaintiff's facts are not correct.

Integrity's Reply to Opp to Mtn for Fees
*Bozeman v. Progressive, et al. A05-0178 CV*
TAM:jlw\113-39\ReplyAttyFees.doc                                                                                  Page 6 of 9

3. Plaintiff complains that Thomas A. Matthews billed on different days for reviewing communications from attorney Zipkin. Not only does Plaintiff not have the amount of time correct (only .1 hour was billed on 9/7/05 for reviewing a communication from Zipkin), but she overlooks that different communications were reviewed on different days. Again, Plaintiff's facts are not correct.

4. Plaintiff complains that on 10/5/05, both of Integrity's counsel reviewed the Court's order denying Plaintiff's motion to remand. Given that both counsel had responsibility for Integrity's defense, the fact that both were interested in the Court's order should be commended, not criticized.

5. Finally, Plaintiff complains that on various dates, Integrity's counsel charged for "discussing strategy with Progressive's lawyers." Plaintiff mischaracterizes these entries, which make no reference to "discussing strategy." Rather, a review of the time entries reveals that the attorneys were obtaining information, discussing various issues, discussing status of the case, discussing Plaintiff's motion to remand and other issues, discussing opposition to Plaintiff's remand motion, and discussing the status of the case and a possible motion hearing. Given Plaintiff's fraudulent efforts to join a sham defendant to avoid federal court, it is not surprising that the defendants discussed their mutual interests as they defended themselves against Plaintiff's unreasonable tactics. Plaintiff's mischaracterization of these entries is typical of Plaintiff's unreasonable, ill-advised, and baseless efforts in this case. The mere fact that Integrity is herein forced to respond to Plaintiff's mischaracterizations merely adds further support to Integrity's

Integrity's Reply to Opp to Mtn for Fees
*Bozeman v. Progressive, et al. A05-0178 CV*
TAM:jlw\113-39\ReplyAttyFees.doc                                                            Page 7 of 9

entitlement to an enhanced attorney's fees award.  As with Plaintiff's other objections to the billings of Integrity's lawyers, this objection has no merit.

**CONCLUSION**

Plaintiff has failed to factually and legally support any reason that enhanced attorney's fees should not be awarded to Integrity here.  Plaintiff, not Integrity, fraudulently joined a sham Defendant in a foiled attempt to defeat federal jurisdiction and removal.  As a result of Plaintiff's failed tactic, Integrity has unnecessarily incurred the cost of defending itself and obtaining its dismissal from this action.  Integrity's request for an enhanced attorney's fee award should be granted.

DATED this 26th day of January 2006 at Anchorage, Alaska.

MATTHEWS & ZAHARE, P.C.
Lawyers for Defendant Integrity Insurance


By:  s/ Thomas A. Matthews
       Thomas A. Matthews, ABA #8511179
       Matthews & Zahare, P.C.
       431 W. 7th Avenue, Suite 207
       Anchorage, Alaska  99501
       (907) 276-1516 Telephone
       (907) 276-8955 Facsimile
       E-mail: tomm@matthewszahare.com

Integrity's Reply to Opp to Mtn for Fees
*Bozeman v. Progressive, et al. A05-0178 CV*
TAM:jlw\113-39\ReplyAttyFees.doc                                                                    Page 8 of 9

CERTIFICATE OF SERVICE

I certify that on this 26th day of January 2006
I served a copy of the foregoing by electronic
mailing to:

Tanisha Bozeman, Esq.
Gary A. Zipkin, Esq.
Guess & Rudd
510 L Street, Suite 700
Anchorage, AK 99501
Counsel for Defendant Progressive

And mailed to:

P. Dennis Maloney, P.C.
2525 "C" Street, Suite 425
Anchorage, AK 99503
Counsel for Plaintiff


_s/ Thomas A. Matthews_____

Integrity's Reply to Opp to Mtn for Fees
*Bozeman v. Progressive, et al. A05-0178 CV*
TAM:jlw\113-39\ReplyAttyFees.doc                                                                 Page 9 of 9