Aisha Tinker Bray
Guess & Rudd P.C.
100 Cushman Street, Suite 500
Anchorage, Alaska 99701
(907) 452-8986 Telephone
(907) 452-7015 Facsimile
E-mail: atbray@guessrudd.com

Attorneys for Progressive Casualty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TANISHA BOZEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PROGRESSIVE CASUALTY ) | 3:05-cv-178-JKS |
| INSURANCE COMPANY and ) | |
| INTEGRITY INSURANCE ) | |
| AGENCY, LLC ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

MEMORANDUM IN SUPPORT OF
PROGRESSIVE'S MOTION TO ENFORCE SETTLEMENT

Defendant Progressive Casualty Insurance Company ("Progressive"), moves for an order enforcing the settlement reached between itself and plaintiff Tanisha Bozeman on January 3, 2006.

On December 30, 2005, Progressive's attorney Gary A. Zipkin and plaintiff's attorneys Dennis Maloney and Jeffrey Magid entered into settlement negotiations to fully and finally resolve all of plaintiff's claims in all of plaintiff's lawsuits.  See Affidavit of Gary A. Zipkin filed herewith.  At

USDC Case No. 3:05-cv-178-JKS   Bozeman v. Progressive Casualty
Memorandum in Support of Progressive's Motion to Enforce Settlement
Page 1 of 2

the culmination of the negotiations, the attorneys agreed to recommend settlement to their clients for Progressive's payment of $25,350.  Id.  In exchange for settlement proceeds of $25,350, plaintiff would release and dismiss all claims and all lawsuits, specifically including plaintiff's claims against the alleged tortfeasor Mr. Linville in Bozeman v. Linville, 3AN-05-5911 CI.  Id.  The parties specifically discussed the fact that defendant Integrity Insurance Agency still had claims against plaintiff for attorney's fees and costs and that this settlement did not in any way affect those claims.  Id.

On January 3, 2006, Progressive agreed to settle for $25,350.  Id.  Mr. Zipkin then called Mr. Maloney to see if plaintiff had agreed to the settlement.  Id.  She had.  Id.  Mr. Maloney specifically confirmed that plaintiff agreed to release and dismiss all claims against Progressive and all claims in the separate lawsuit against Kenneth Linville, Jr., Case No. 3AN-05-5911 CI.  Id.  They further discussed that in the settlement Progressive would be protected from the Jade Acupuncture lien.  Id.

After having agreed to the settlement, plaintiff then tried to condition the settlement on Integrity Insurance Agency, LLC ("Integrity") waiving its right to attorney's fees from plaintiff.  Id.  Progressive agreed to approach Integrity about waiving its fees, but underscored to plaintiff that Integrity's

USDC Case No. 3:05-cv-178-JKS    Bozeman v. Progressive Casualty
Memorandum in Support of Progressive's Motion to Enforce Settlement
Page 2 of 2

answer did not in any way affect their settlement. Id. Progressive then drafted a Release of All Claims and Stipulation for Dismissal to memorialize the settlement. Id.

Integrity, however, was not willing to waive its attorney's fees. On January 5, 2006, defendant Integrity filed its motion for attorney's fees against plaintiff. See DE #29.

On January 6, 2006, plaintiff then informed Progressive that she would not follow through on the settlement with Progressive. Plaintiff was now unwilling to go through with her settlement with Progressive when she faced a risk that she would have to pay attorney's fees to Integrity. Id. Plaintiff now insisted that the settlement was contingent on Integrity waiving its attorney's fees claim. Id.

On January 27, 2006, Progressive wrote to plaintiff asking her to confirm the settlement. Id. Plaintiff has refused to do so.

In Alaska, a settlement is simply another form of contract analyzed under traditional contract principles. Ford v. Ford, 68 P.3d 1258, 1263 (Alaska 2003) ("We analyze a settlement agreement under traditional contract principles.").

> "Courts will treat settlement agreements as contracts provided they meet minimal

USDC Case No. 3:05-cv-178-JKS    Bozeman v. Progressive Casualty
Memorandum in Support of Progressive's Motion to Enforce Settlement
Page 3 of 2

>           contractual requirements."  To form a
>           contract, [1] an offer including all
>           essential terms, [2] an unequivocal
>           acceptance of those terms by the offeree,
>           [3] consideration, and [4] an intent to be
>           bound by the contract are required.

Id. at n.1 (internal citations omitted).  "Whether the parties to an informal agreement become bound prior to the drafting and execution of contemplated formal writings is a question of intent."  Id. at 1263.

      Here, following back-and-forth negotiations, Progressive and plaintiff entered into a binding contract to settle this dispute.  First, Mr. Zipkin and Mr. Maloney and Mr. Magid reached a settlement offer that included all the essential terms that they were willing to present to their clients, Progressive and plaintiff.  The terms were that plaintiff would receive $25,350 in settlement proceeds from Progressive in full and final satisfaction of all of her claims and lawsuits, specifically including plaintiff's claims against Mr. Linville in Bozeman v. Linville, 3AN-05-5911 CI, with each party bearing its own costs and attorney's fees.  See Affidavit of Gary A. Zipkin.  Plaintiff specifically acknowledged and agreed that this settlement had nothing to do with defendant Integrity, or Integrity's attorney's fees claims against her.  Id.

USDC Case No. 3:05-cv-178-JKS   Bozeman v. Progressive Casualty
Memorandum in Support of Progressive's Motion to Enforce Settlement
Page 4 of 2

Second, both parties unequivocally accepted this offer.[1] On January 3, 2006, plaintiff's offer was communicated to Progressive. Progressive, through its adjuster Cort Chambers, unequivocally accepted, agreeing to pay plaintiff $25,350 in exchange for a Release of All Claims and Stipulation to Dismiss with Prejudice in this action and in the state court action, with each party bearing its own costs and attorney's fees. Id. Progressive's acceptance was communicated to plaintiff by telephone call from Mr. Zipkin to Mr. Maloney that same day. Id. Mr. Maloney also confirmed plaintiff's acceptance of the offer. Id. Mr. Maloney specifically told Mr. Zipkin that plaintiff agreed to settle on the terms the attorneys had negotiated. Id.

Third, there was ample consideration for the settlement by both parties.

> Consideration is the inducement to a contract. The cause, motive, price, or impelling influence which induces a contracting party to enter into a contract. The reason or material cause of a contract. Some right, interest, profit or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility, given, suffered, or undertaken by the other.

---

[1] It is impossible to discuss Progressive's acceptance of the settlement offer without discussing in general terms attorney-client communications. By discussing that such communications ensued, however, Progressive in no way waives any part of the attorney-client privilege in this matter.

USDC Case No. 3:05-cv-178-JKS   Bozeman v. Progressive Casualty
Memorandum in Support of Progressive's Motion to Enforce Settlement
Page 5 of 2

BLACK'S LAW DICTIONARY 306 (6th ed. 1991) (citing RESTATEMENT (SECOND) CONTRACTS §§17(1) & 71.  See Soules v. Ramstack, 95 P.3d 933, 940 (Alaska 2004) (consideration equals value).  Progressive agreed to pay $25,350 to plaintiff and bear its own attorney's fees and costs.  Plaintiff, in turn, agreed to release and dismiss all her claims and lawsuits with prejudice and to bear her own attorney's fees and costs in this matter.

Fourth, the parties intended to be bound by the settlement agreement.

> In determining the parties' intent, the courts look first to the parties' expressed intentions.  "If their expressions convince the court that they intended to be bound without a formal document, their contract is consummated, and the expected formal document will be nothing more than a memorial of that contract."

Young v. Hobbs, 916 P.2d 485, 488 (Alaska 1996) (citing Juliano v. Angelini, 708 P.2d 1289, 1291 (quoting 1 A. Corbin, *Corbin on Contracts* § 30 at 98-99 (1963))).  The parties' experienced representatives entered into the settlement negotiations with the intent to reach a settlement figure that both parties would agree to and be bound by.  See Affidavit of Gary A. Zipkin.  The parties reached such a number at $25,350.  Id.  Both Progressive and plaintiff unequivocally agreed to accept this number.  Id.

> It is true that words and acts of the parties may constitute sufficient manifestations of assent to make a binding

USDC Case No. 3:05-cv-178-JKS   Bozeman v. Progressive Casualty
Memorandum in Support of Progressive's Motion to Enforce Settlement
Page 6 of 2

>
> oral contract, even though the parties also had contemplated that their agreement would later be reduced to writing. But such an oral contract would exist only if the parties had definitely agreed on the terms that they planned to incorporate into the writing, and had agreed that the final writing would contain those provisions and no others.

<u>Thrift Shop, Inc. v. Alaska Mut. Sav. Bank</u>, 398 P.2d 657, 658-59 (Alaska 1965) (citing RESTATEMENT OF CONTRACTS §26 (1932)). Here, the parties definitely agreed to the terms. <u>See</u> Affidavit of Gary A. Zipkin. The parties both agreed to settle on the terms negotiated by their attorneys. <u>Id</u>. The parties formed a binding oral contract sufficiently manifested by their promises to each other to settle on the agreed to terms. The subsequent writings — a standard Release of All Claims and Stipulations to Dismiss — would simply reduce the parties agreement to writing with no additional terms and provide the necessary filings to terminate all the litigation.

Progressive and plaintiff entered into a binding and enforceable settlement agreement to settle all plaintiff's claims and lawsuits for the payment of $25,350 from Progressive. Progressive now asks this court to enforce the settlement.

USDC Case No. 3:05-cv-178-JKS   <u>Bozeman v. Progressive Casualty</u>
Memorandum in Support of Progressive's Motion to Enforce Settlement
Page 7 of 2

DATED at Fairbanks, Alaska, this 10th day of March, 2006.

          GUESS & RUDD P.C.
          Attorneys for Progressive Casualty Insurance Company

          By:     S/Aisha Tinker Bray
             Guess & Rudd P.C.
             100 Cushman Street, Suite 500
             Fairbanks, Alaska  99701
             Phone: 907-452-8986
             Fax:   907-452-7015
             Email: atbray@guessrudd.com
             Alaska Bar No. 9505028

CERTIFICATE OF SERVICE
I hereby certify that on the 10th day of March, 2006, a copy of the foregoing document was served U.S. Mail/electronically on:

P. Dennis Maloney, Esq.
Thomas A. Matthews, Esq.

Guess & Rudd P.C.

By:    S/Aisha Tinker Bray

USDC Case No. 3:05-cv-178-JKS   Bozeman v. Progressive Casualty
Memorandum in Support of Progressive's Motion to Enforce Settlement
Page 8 of 2