Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrudd.com

Attorneys for Progressive Casualty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TANISHA BOZEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PROGRESSIVE CASUALTY ) | U.S. District Court Case No. |
| INSURANCE COMPANY and ) | A05-178 CV(JKS) |
| INTEGRITY INSURANCE ) | |
| AGENCY, LLC ) | |
| ) | |
| Defendant. ) | |
| _____) | |

AFFIDAVIT OF GARY A. ZIPKIN

STATE OF ALASKA       )
                     )ss.
THIRD JUDICIAL DISTRICT )

Gary A. Zipkin, being first duly sworn, deposes and states as follows:

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

EXHIBIT A, Page 1 of 7

1. I am the primary attorney representing Progressive Casualty Insurance Company in the above-captioned matter, I am over 18 years of age, and I have personal knowledge of the matters set forth herein.

2. On December 30, 2005, I received a telephone call from Dennis Maloney and Jeffrey Magid regarding this case. This phone call followed an exchange of letters regarding plaintiff's alleged damages and a settlement offer by Mr. Maloney on behalf of Ms. Bozeman in the amount of $48,000. Mr. Maloney stated that he believed that this case can and should be settled and that he was prepared to recommend a fair settlement to his client if I would do the same. He asked me to tell him what I thought a fair settlement would be. I told him that I felt comfortable recommending a settlement of $18,000 and asked him to tell me what he thought would be a fair amount. He told me that he would recommend that his client settle at $32,000. In response, I told him that the most I felt I could recommend would be $20,000.

3. Mr. Maloney and I continued to discuss the appropriate amount for settlement and we came to an agreement that we would each recommend an amount half-way between our respective numbers. Since I had told him initially that I would recommend $18,000, I told him that the half-way number would be $25,000. For their part, Mr. Maloney and Mr. Magid stated that,

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

EXHIBIT A, Page 2 of 7

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

since I had stated that I could recommend a number as high as $20,000, the half-way number was really $26,000. The conversation ended without the attorneys having come to an agreement to settle the case for any particular number, but Mr. Maloney encouraged me to recommend settlement at $26,000. I specifically recall telling Mr. Maloney that any settlement we might reach would have to be completely independent of whatever claim for attorney's fees or costs might be asserted by counsel for Integrity Insurance Agency LLC and I specifically recall that Mr. Maloney agreed that any settlement we might reach would be independent of Integrity.

4.    On the evening of December 30, 2005, I attended a Hannukah party at my local synagogue here in Anchorage, where I encountered Mr. Magid. Mr. Magid approached me and said that I should recommend settlement to my client at $25,500, the number half-way between $25,000 and $26,000. He also indicated that Mr. Maloney had given him authority to negotiate this number with me. After some discussion, I told Mr. Magid that I would recommend settlement at $25,350 and he said he would relay that to Mr. Maloney.

5.    On January 3, 2006, I obtained settlement authority from my client for a total of $25,350. I then called Mr. Maloney and told him that I had settlement authority at

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

EXHIBIT A, Page 3 of 7

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

$25,350 and I asked him if he had authority from his client to settle at that number. Mr. Maloney told me that he did have such authority. He expressly confirmed that his client would sign a release that would protect my client with respect to any liens against the settlement funds, that the settlement would result in the dismissal of his client's claim against Progressive Casualty, and that his client would dismiss with prejudice the separate lawsuit filed by his client against Kenneth Linville, Jr. (the allegedly uninsured tortfeasor) in Case No. 3AN-05-5911 CI. With respect to liens, Mr. Maloney and I specifically discussed a lien asserted by Jade Acupuncture. I recall that he doubted the validity of that lien, but he said that my client would be protected against it in any event. I do not believe that Mr. Magid was a party to this particular phone conversation. After having agreed to settle on the terms we had negotiated, Mr. Maloney sought to add the condition that Integrity would have to agree not to seek attorney's fees against Ms. Bozeman. I reminded Mr. Maloney that that was not a term of our settlement and I had expressly told him that, if my client was going to agree to pay $25,350, that payment would be independent of whatever Integrity might seek in the way of attorney's fees from Ms. Bozeman. Nevertheless, Mr. Maloney asked me to contact Integrity's attorney, Tom Matthews, to see if Integrity would agree not to seek attorney's fees against plaintiff. I told Mr. Maloney that I would make this call and "carry your water for

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

EXHIBIT A, Page 4 of 7

you," but that the issue of Integrity's willingness to forego fees was unrelated to our settlement.

6. On January 4, my fellow shareholder, Aisha Tinker Bray drafted a Release of All Claims and a Stipulation for Dismissal With Prejudice in order to consummate the settlement I had reached with Mr. Maloney. This confirms that I relayed to Ms. Tinker Bray the fact that a settlement had been reached either on January 3 and that I had asked her to draft the appropriate release and stipulation.

7. On January 5, and in response to a phone message from me, Tom Matthews called me to say that his client was not willing to waive attorney's fees in connection with the court's dismissal of plaintiff's claim against Integrity.

8. Late in the day on January 5, 2006, my office received a copy of Integrity's Motion for Attorney's Fees. Because the motion arrived late in the day, I did not actually see it until the following day, January 6.

9. On January 6, I received a phone call from Mr. Maloney. He told me that he now had Integrity's motion for attorney's fees and that his client was not willing to settle her claim against Progressive Casualty Insurance Company for $25,350

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

EXHIBIT A, Page 5 of 7

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

in view of the risk that she would have to pay attorney's fees to Integrity. Mr. Maloney insisted that the settlement was contingent on the court concluding that Integrity was not entitled to an award of attorney's fees. I do believe that Mr. Magid was on the phone during this phone call from Mr. Maloney, although I do not remember that he said anything.

10. The bottom line is that Mr. Maloney and I negotiated an arms-length settlement of Ms. Bozeman's claims against Progressive Casualty Insurance Company for a total payment of $25,350, that this number was agreed upon during my phone call to Mr. Maloney on January 3, that the settlement was clearly independent of any claim Integrity might make for attorney's fees against plaintiff, and that plaintiff's counsel attempted to add a condition to the settlement (Integrity's agreement to waive attorney's fees) **after** our arms-length settlement had been reached.

11. By letter dated January 27, 2006, attached as Exhibit A, I memorialized the agreement I reached with Mr. Maloney to settle this case and asked him to keep his word. He has since disavowed that he and I actually reached a settlement that was independent of Integrity's claim for attorney's fees. There is simply no doubt whatsoever that, when we negotiated the

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

EXHIBIT A, Page 6 of 7

terms of this settlement, we reached agreement that our settlement would be independent of any claim Integrity might make for attorney's fees.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Gary A. Zipkin

SUBSCRIBED and SWORN to before me this 8th day of March, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 9-23-09

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

EXHIBIT A, Page 7 of 7

GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
**Guess & Rudd**
P.C.

510 L STREET, SUITE 700
ANCHORAGE, ALASKA 99501-1964
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

January 27, 2006

P. Dennis Maloney, Esq.                    Via Facsimile 222-0007
P. Dennis Maloney, P.C.
2525 C Street, Suite 425
Anchorage, Alaska 99503

   Re: Bozeman v. Progressive Casualty
     Case No. 3AN-05-7442 CI
     Our File No. 5200.117

Dear Dennis:

  I realize that you are in the midst of battle with Brother Matthews over Integrity's Motion for Attorney's Fees and that you would like to see what the outcome of that motion is before consummating the settlement we agreed to. Nevertheless, since I know that you pride yourself in being a man of your word, I think it only appropriate that we memorialize the settlement we entered into -- especially since, as you will remember, that settlement was entered into independent of whatever might ensue between your client and Integrity over the issue of attorney's fees.

  We agreed to settle all claims by Ms. Bozeman against Progressive Casualty for a total payment of $25,350 in exchange for a full release and dismissal with prejudice of all claims and lawsuits, specifically including her claim against Mr. Linville set forth in Bozeman v. Linville; Case No. 3AN-05-5911 CI. We agreed that Ms. Bozeman would execute a full release of all claims that would provide adequate protection to Progressive Casualty with respect to any liens which may exist against the settlement funds.[1] It was also, of course, a condition of our

---

[1] You and I specifically discussed the Jade Acupuncture lien. Now that I have your Initial Disclosures, I see that State Farm asserts a lien relating to medical payments benefits in the amount of $4,633 as of May 11, 2005. Since you have just now provided us a copy of the "Ruggles letter" from State Farm (dated February 2, 2005), I assume you will agree that we are entitled to a signed lien release from State Farm as part of the settlement -- especially since you must have known about this letter when we negotiated the

P. Dennis Maloney, Esq.
January 27, 2006
Page 2

settlement that the appropriate stipulation for dismissal with prejudice be filed in this case and that you file a Notice of Dismissal in the <u>Linville</u> case.

    I ask that you confirm (a one sentence letter will do just fine) that I have accurately set forth the terms of the agreement we reached. As soon as you do, I will send over a proposed Release of All Claims and a proposed Stipulation for Dismissal With Prejudice for this action. I will also ask that you then file a Notice of Dismissal of the <u>Bozeman v. Linville</u> case and provide me with a copy of that.

    Once I have received confirmation that you are prepared to go forward with this settlement, I will request the check. I anticipate that I should receive that check within ten business days after I request it.

                                   Very truly yours,

                                   GUESS & RUDD P.C.

                                   Gary A. Zipkin

GAZ:klh:F:\data\5200\117\corresp\08gazmaloney.doc

cc:  Mr. Cort Chambers (Claim No. 042541205)

---

settlement. If not, how do you propose we receive protection against that lien?