P. Dennis Maloney, Esq.
P. DENNIS MALONEY, P.C.
2525 C Street, Ste. 425
Anchorage, AK 99503
(907) 770-0007
e-mail: dennis@alaska-attorney.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TANISHA BOZEMAN,

Plaintiff,

vs.

PROGRESSIVE CASUALTY INSURANCE COMPANY and INTEGRITY INSURANCE AGENCY, LLC.,

Defendant.

Case No. A05-178 CV (JKS)

**OPPOSITION TO GARY ZIPKIN'S MOTION TO ENFORCE SETTLEMENT**

First of all, Mr. Zipkin has no right to publicly publish confidential settlement negotiations. Regardless of what Mr. Zipkin states that he thinks, there never was any settlement in this matter and plaintiff never gave authority to accept the amount offered by the insurance company. Progressive's attorney has been told this fact during a number of telephone conversations yet still insists on filing this motion. Attorneys are mere agents of their clients and cannot accept settlement offers on their clients' behalf without authority. Plaintiff's attorneys never represented that they had plaintiff's authority to settle this case and do not, as a matter of course, tell defense attorneys that a plaintiff has authorized a settlement when they have not.

P. DENNIS MALONEY, P.C.
AN ALASKA LAW FIRM
2525 "C" STREET, SUITE 425
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 770-0007
TELEFAX (907) 222-0007

Progressive's attorneys were told that they are mistaken on a number of occasions since they first threatened to file this motion. However, defendant's heart appears to be set on trying to judicially create a settlement where there was no meeting of the minds. It is not enough for one party to a settlement to state gratuitously in an affidavit that both parties agreed to a settlement. There must be proof that the minds met. This is especially true when an attorney is trying to convince a court to reverse the will of a private citizen. Progressive's "gottcha" mentality has overridden its civility. Although the correspondence from Progressive's attorneys has been impassioned, if Progressive's attorneys pause and reflect for a moment, they should realize that they are mistaken and that no settlement exists.

Progressive's assertion that the parties reached a settlement on January 3, 2006 is mistaken. *See* affidavit of Dennis Maloney, attached as Exhibit 1. In addition, *see* affidavit of Tanisha Bozeman, attached as Exhibit 2. It is clear from Ms. Bozeman's affidavit that she never gave permission to settle and that the actual offer was not conveyed to her until January 11, 2006, eight days after Mr. Zipkin vows a settlement had been reached.

Progressive takes the position that the court should take its lawyers' word that Progressive actually agreed to a settlement amount because, supposedly, revealing this communication would involve waiver of the attorney-client privilege. *See* fn 1 on page "5 of 2" (sic) of Progressive's memorandum in support of its motion to create a settlement. If Progressive's attorneys actually thought that a settlement amount had been agreed upon, most certainly Progressive's attorneys would have ordered a check. The parties always exchange a check for a release when a settlement is final. No

check was attached to defendant's motion. If the court does not reject Progressive's motion on its face, as plaintiff requests in this opposition, then plaintiff asks that the court review these allegedly privileged communications *in camera* to see what Progressive actually thought and to see what Progressive's lawyer actually conveyed to it.

Of course, whatever Progressive's lawyer believed to be true does not empower him to force a settlement where, as is the case here, the other side did not accept the settlement offer. Plaintiff's attorney did tell Progressive's attorney that he would attempt to persuade his client to accept Progressive's offer and that he would recommend the settlement amount. He never said that he had authority. *See* Exhibit 1. This is because there was no authority. *See* Exhibit 2. In addition, *see* Exhibit 3, a page from plaintiff's attorneys' January 11, calendar showing that plaintiff met with her attorneys on that date and Exhibit 4, a factual memo from 1/12/06 memorializing a phone call from Ms. Bozeman telling us she wanted to fire us and hire a different lawyer. As stated in her affidavit, attached as Exhibit 2, Ms. Bozeman refused to accept Progressive's offer and, when her lawyers tried to persuade her as promised, she wanted to fire her lawyer and find a different one. There is sufficient evidence supporting the fact that plaintiff never agreed to a settlement. For this reason, the court should deny Progressive's motion.

On the other hand, there is evidence that Mr. Zipkin knew that no agreement had been reached which would mean that this motion to enforce a settlement is a sham and subject to sanctions. For example, *see* Exhibit 5, a factual memorandum dated 1/30/06. This memo contains notes of a conversation between plaintiff's lawyers and Gary Zipkin

and clearly involves continuing settlement discussions. Notes are made of Mr. Zipkin's criticism about the annular tears in plaintiff's spine (he says it's a "crock") and the need for the risky facet injections Ms. Bozeman underwent at her doctors' orders. Why would Mr. Zipkin continue settlement discussions if he thought a settlement had already been reached? On this date, the parties also discussed setting a settlement conference with Judge von der Heydt (*See* Exhibit 5). Again, why would Mr. Zipkin discuss settlement conferences if he thought there was a settlement?

On page 4 of Mr. Zipkin's affidavit, he admits continuing settlement negotiations with Mr. Maloney after Mr. Maloney had supposedly finalized the settlement. For example, Mr. Zipkin states as follows:

> After having agreed to settle on the terms we had negotiated, Mr. Maloney sought to add the condition that Integrity would have to agree not to seek attorneys' fees against Ms. Bozeman. I reminded Mr. Maloney that that was not a term of our settlement and I had expressly told him that, <u>if my client was going to agree</u> to pay $25,350.00, that payment <u>would be</u> independent of whatever Integrity might seek in the way of attorneys' fees from Ms. Bozeman. Nevertheless, Mr. Maloney asked me to contact Integrity's attorney, Tom Matthews, to see if Integrity would agree not to seek attorneys' fees against plaintiff.

Zipkin affidavit, page 4 (emphases added).

From the wording of Mr. Zipkin's affidavit, the parties had not concluded negotiations or agreed on the settlement amount or the terms of such a settlement. Otherwise, Mr. Zipkin would not have used words such as "if," "was going to" and "would be."

At page "3 of 2" (sic), Progressive refers to a January 27, 2006 letter from Mr. Zipkin that is attached to Progressive's motion. The last paragraph of that letter states, "Once I receive confirmation that you are prepared to go forward with this settlement, I

will request the check." This is further evidence that there was no settlement and that Progressive's lawyers knew there was no settlement. Otherwise, why would Progressive need "confirmation" to request a check. If no check had been requested then Progressive either had not made a valid offer or had not been advised of the settlement amount by its attorneys. Either way, there could be no deal at that point from Progressive's end.

Defendant should withdraw his motion immediately or plaintiff will request sanctions. This should not have gone this far. If Progressive continues this crusade, it can only be for vindictive reasons in light of the evidence.

The cases cited by Progressive do not impose a settlement in this case, where the litigant has signed an affidavit stating that she never authorized a settlement and her attorney signed an affidavit that he never told the opposing attorney that his client agreed to a settlement. For example, *Ford v. Ford*, 68 P.3d 1258 (Alaska 2003), cited at page "6 of 2" (sic) of Progressive's memorandum, is a divorce case where both litigants attended a mediation. The court found that the neutral mediator had communicated correctly that each party had agreed to a binding settlement. There was not a neutral mediator in this case and only a self-serving affidavit supporting Progressive's position that a settlement had been reached yet no check had been ordered.

*Soules v. Ramstack*, 95 P.3d 933 (Alaska 2004), also cited at page "6 of 2" (sic) of Progressive's memorandum, is a case about unjust enrichment in a real estate transaction in which the court held that "there can be no valid claim of unjust enrichment

where a party has given fair consideration or value for the benefits obtained." 95 P.3d at 940. That has nothing to do with the facts in this motion.

*Young v. Hobbs,* 916 P.2d 485 (Alaska 1996), cited at page "6 of 2" (sic) of Progressive's memorandum, actually supports plaintiffs position because there was no "meeting of the minds" while the parties continued to argue over the terms and obligations of the proposed settlement. Therefore, as in this case, there was no settlement in *Young.* In addition, *Young v. Hobbs,* 916 P.2d 485 (Alaska 1996), has now been distinguished by *Roach v. Caudle,* 2004 WL 42600 (Alaska 2004), where, unlike the outcome in *Young v. Hobbs,* and unlike the facts in this case, the party expressed agreement to the terms of the settlement proposal in front of a settlement judge and on the record and then tried to rescind.

Here, Ms. Bozeman never agreed to the settlement and plaintiff's attorneys never represented that she had agreed to the terms of any settlement proposal. Progressive quotes from *Thrift Shop, Inc. v. Alaska Mut. Sav. Bank*, 398 P.2d 657 (Alaska 1965) on page "7 of 2" (sic) of its memorandum. However, in that case, the court found that the parties did not have an oral contract.

For the reasons stated above, the court should deny Progressive's motion. Plaintiff would like to settle this case and would agree to continue settlement negotiations. As an act of good faith, plaintiff is willing to allow Progressive to withdraw its motion and negotiate in good faith. Plaintiff invites Progressive to set aside its sword and negotiate with its intended beneficiary in good faith.

DATED at Anchorage, Alaska on this 4 day of April 2006.

P. DENNIS MALONEY, P.C.
Attorneys for Plaintiff

By:________________________
P. Dennis Maloney
AK Bar No. 7410089