GARY A. ZIPKIN
LOUIS R. VEERMAN
JAMES D. LINXWILER
JAMES D. DEWITT
JOSEPH J. PERKINS, JR.
GEORGE R. LYLE
MICHAEL S. MCLAUGHLIN
SUSAN M. WEST
JOAN E. ROHLF
MICHAEL K. NAVE
JONATHAN A. WOODMAN
AISHA TINKER BRAY
NELLEENE A. BOOTHBY
MATTHEW COOPER
CHRISTINA RANKIN
PAMELA D. WEISS
JOSEPH BRIAN GROSS
MOLLY C. BROWN

LAW OFFICES OF
# Guess & Rudd
P.C.

510 L STREET, SUITE 700
ANCHORAGE, ALASKA 99501-1964
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

W. EUGENE GUESS 1932-1975
JOSEPH RUDD 1933-1978
FRANCIS E. SMITH, JR. 1941-1991

OFFICES IN
ANCHORAGE & FAIRBANKS

OF COUNSEL
MARGARET S. JONES
GREGORY G. SILVEY

January 27, 2006

P. Dennis Maloney, Esq.              Via Facsimile 222-0007
P. Dennis Maloney, P.C.
2525 C Street, Suite 425
Anchorage, Alaska  99503

    Re:  Bozeman v. Progressive Casualty
         Case No. 3AN-05-7442 CI
         Our File No. 5200.117

Dear Dennis:

    I realize that you are in the midst of battle with Brother Matthews over Integrity's Motion for Attorney's Fees and that you would like to see what the outcome of that motion is before consummating the settlement we agreed to. Nevertheless, since I know that you pride yourself in being a man of your word, I think it only appropriate that we memorialize the settlement we entered into -- especially since, as you will remember, that settlement was entered into independent of whatever might ensue between your client and Integrity over the issue of attorney's fees.

    We agreed to settle all claims by Ms. Bozeman against Progressive Casualty for a total payment of $25,350 in exchange for a full release and dismissal with prejudice of all claims and lawsuits, specifically including her claim against Mr. Linville set forth in Bozeman v. Linville; Case No. 3AN-05-5911 CI. We agreed that Ms. Bozeman would execute a full release of all claims that would provide adequate protection to Progressive Casualty with respect to any liens which may exist against the settlement funds.[1] It was also, of course, a condition of our

---

[1] You and I specifically discussed the Jade Acupuncture lien. Now that I have your Initial Disclosures, I see that State Farm asserts a lien relating to medical payments benefits in the amount of $4,633 as of May 11, 2005. Since you have just now provided us a copy of the "Ruggles letter" from State Farm (dated February 2, 2005), I assume you will agree that we are entitled to a signed lien release from State Farm as part of the settlement -- especially since you must have known about this letter when we negotiated the

EXHIBIT A
Page 1 of 2

P. Dennis Maloney, Esq.
January 27, 2006
Page 2

settlement that the appropriate stipulation for dismissal with prejudice be filed in this case and that you file a Notice of Dismissal in the <u>Linville</u> case.

    I ask that you confirm (a one sentence letter will do just fine) that I have accurately set forth the terms of the agreement we reached. As soon as you do, I will send over a proposed Release of All Claims and a proposed Stipulation for Dismissal With Prejudice for this action. I will also ask that you then file a Notice of Dismissal of the <u>Bozeman v. Linville</u> case and provide me with a copy of that.

    Once I have received confirmation that you are prepared to go forward with this settlement, I will request the check. I anticipate that I should receive that check within ten business days after I request it.

    Very truly yours,

    GUESS & RUDD P.C.

    Gary A. Zipkin

GAZ:klh: F:\data\5200\117\corresp\08gazmaloney.doc

cc: Mr. Cort Chambers (Claim No. 042541205)

---

settlement. If not, how do you propose we receive protection against that lien?

EXHIBIT A
Page 2 of 2