Gary A. Zipkin
Aisha Tinker Bray
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail: gzipkin@guessrudd.com

Attorneys for Progressive Casualty Insurance Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TANISHA BOZEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| PROGRESSIVE CASUALTY ) | Case No. 3:05-cv-178-JKS |
| INSURANCE COMPANY and ) | |
| INTEGRITY INSURANCE ) | |
| AGENCY, LLC ) | |
| ) | |
| Defendant. ) | |
| _____) | |

AFFIDAVIT OF GARY A. ZIPKIN

STATE OF ALASKA    )
                   )ss.
THIRD JUDICIAL DISTRICT )

    Gary A. Zipkin, being first duly sworn, deposes and states as follows:

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

Page 1 of 6

EXHIBIT C
Page 1 of 6

1.  I am the primary attorney representing Progressive Casualty Insurance Company in the above-captioned matter, I am over 18 years of age, and I have personal knowledge of the matters set forth herein.

2.  Mr. Maloney's affidavit, consisting of four paragraphs, makes no reference whatsoever to the dates of any conversations he and I had regarding settlement of this case, nor does his affidavit attempt to set out the sequence of events. What it does is provide the court with the first half of the story, rather than the whole story.

3.  In paragraph 3 of his affidavit, Mr. Maloney states that he told me that, if Progressive "offered a certain amount, I would recommend it to my client." Actually, what occurred is that Mr. Maloney and I agreed that we would both recommend to our clients that they agree to settle this case for a total of $25,350. The agreement was not for me to first make an offer of a specific amount and for him to then recommend it to his client. Rather, we agreed that we would make the same recommendation to our respective clients and then have a follow-up conversation to determine whether we had achieved a settlement.

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

Page 2 of 6

EXHIBIT C
Page 2 of 6

4.  In his affidavit, Mr. Maloney then says that he recommended that his client accept "the settlement funds offered by Progressive." Contrasting that with Ms. Bozeman's affidavit, it appears that Mr. Maloney first discussed possible settlement with Ms. Bozeman on January 11. However, the fact of the matter is that I spoke with Mr. Maloney on January 3, 2006, to convey to him -- as I had promised I would -- my client's position regarding settlement at $25,350. In that phone conversation, Mr. Maloney expressly confirmed to me that he had his client's authority to settle for that amount.

5.  Mr. Maloney's affidavit makes no reference whatsoever to this second, follow-up phone conversation between he and I. Only one of three things could have occurred during my follow-up phone conversation with Mr. Maloney on January 3, 2006. He could have told me that he did, in fact, have his client's authority to settle for $25,350 (**which he did**); he could have told me that his client refused to settle for that amount; or he could have told me that he had not yet discussed the matter with his client and did not know whether she would accept that amount. It is important to note that Mr. Maloney does not tell this court that he told me that his client either refused to settle for $25,350 or that he did not yet know, as of January 3, whether she would accept that amount.

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

Page 3 of 6

EXHIBIT C
Page 3 of 6

6.   During our January 3 phone conversation, and <u>after</u> telling me that he did have his client's authority to settle for $25,350, Mr. Maloney sought to amend the settlement agreement by having my client agree that it was contingent on convincing Integrity Insurance not to seek attorney's fees pertaining to his dismissal from the action.  Mr. Maloney's affidavit makes no mention of that aspect of our conversation.  Of course, it would only make sense for Mr. Maloney to have sought to add that condition to the settlement if we had, as I maintain, reached agreement to settle for $25,350.  Why else would he have asked me to call Tom Matthews and to ask Mr. Matthews not to seek attorney's fees?

7.   Mr. Maloney states that he would not "have lasted 32 years as a lawyer in Alaska" if he was in the practice of telling opposing counsel that his client agreed to something if he was not authorized to say so.  That may very well be true but, in this instance, Mr. Maloney did tell me that his client agreed to settle her case for $25,350.  I have the same number of years in practice as Mr. Maloney and, for my part, I can assure the court that I would not state in an affidavit that opposing counsel told me that we had reached a settlement if that counsel had not, in fact, made that representation.

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

Page 4 of 6

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

EXHIBIT C
Page 4 of 6

8. After having learned from Mr. Maloney that his client agreed to settle for $25,350, I promptly informed my client's claim representative, Cort Chambers, that we had reached a settlement. I also informed my fellow shareholder, Aisha Tinker Bray, and asked her to draft the appropriate Release of All Claims. Ms. Tinker Bray began drafting that release that very day, January 3, 2006. Those facts corroborate what I have told this court regarding this settlement. When Mr. Maloney then sought to change the settlement terms and conditions with respect to Integrity seeking attorney's fees, I advised Mr. Chambers and Ms. Tinker Bray that Mr. Maloney was seeking to add a new twist to the settlement and that we would have to see whether he would stand by the settlement or not. That is why no settlement check was processed.

9. I subsequently wrote to Mr. Maloney (see attached letter) asking him to affirm the settlement we had reached. That letter is additional corroboration for the court regarding what I said about the settlement.

10. Finally, I note from the memorandum in opposition to **Progressive's** (not Zipkin's) motion that Ms. Bozeman's attorneys suggest that I knew that no agreement had been reached because they have a "factual memorandum dated 1/30/06"

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

Page 5 of 6

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

EXHIBIT C
Page 5 of 6

referencing a conversation with me that supposedly involved "continuing settlement discussions." This is a gross distortion and Ms. Bozeman's attorneys should be ashamed of themselves for making this argument. The phone call on January 30 was clearly in response to my letter referenced above in paragraph 9, in which I asked Mr. Maloney to honor the settlement we had reached. At that time that he denied having told me on January 3 that his client authorized him to settle the case for $25,350. As I recall, Mr. Maloney then suggested that Progressive should pay some new amount by way of settlement. In that conversation and in every subsequent conversation I have had with Mr. Maloney, I have reminded him that we <u>already</u> settled this case and that his refusal to honor that settlement might very well result in a motion to enforce it. At no time have I ever told him, or implied to him, that no settlement was reached on January 3, 2006.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Gary A. Zipkin

SUBSCRIBED and SWORN to before me this 10th day of April, 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 9-23-09

F:\data\5200\117\pleading\12gazaff.doc

Bozeman v. Progressive; Case No. 3:05-cv-178-JKS
Affidavit of Gary A. Zipkin

Page 6 of 6

LAW OFFICES OF
Guess & Rudd P.C.
510 L STREET
SEVENTH FLOOR
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 793-2200
FACSIMILE (907) 793-2299

EXHIBIT C
Page 6 of 6